UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SHAUN MATTHEW REDDICK,<br><br>  Defendant. | Case No. 6:16-mj-00093-HBK<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR CONTINUANCE AND DENYING REQUEST FOR TRAVEL FUNDS<br><br>(Doc. No. 37) |

At Defendant's request, the Court scheduled this case for a review hearing for July 9, 2024 at 10:00 A.M. in Yosemite. (Doc. No. 35). A review of the docket reveals that on February 2, 2018, Defendant enter guilty pleas to Counts 1 and 3 and was sentenced to 2-1 months unsupervised probation, ordered to pay a $990 fine and $10 statutory assessment, and ordered to attend AA/NA two time a week for the 12-month probationary period. (Doc. Nos. 26, 27). The Court deferred entry of judgment. (Doc. No. 27). On December 28, 2018, Defendant's probation was extended to April 2, 2019. (Doc. No. 29). On February 25, 2019, an Affidavit of Alleged Probation Violations(s) was filed. (Doc. No. 30). Pending before the Court is Defendant's motion, filed on July 2, 2024, requesting a continuance of the July 9, 2024 hearing date and an order directing the United States Marshal Office to provide Defendant with travel assistance to the Yosemite Courthouse pursuant to 18 U.S.C. § 4285. (Doc. No. 37, "Motion"). The Court grants in part and denied in part the Motion.

**Defendant's Motion for Continuance**

Defendant requests the Court to continue his review hearing because he has been "hired for a 'gig' that would pay him a significant amount of money for 3-weeks' worth of work." (Doc. No. 37 at 2:7-8). Defendant resides in Las Vegas and the job is in Huntsville, Alabama. (Doc. No. 37-1, ¶ 10). The job begins on July 6, 2024 and Defendant would not return home until late July or early August. (*Id*.). Defendant requests the Court to continue his review hearing until August 13, 20204. The Court finds good cause to continue the review hearing.

**Defendant's Request Pursuant to 18 U.S.C. § 4285**

Defendant also requests the Court to direct the United States Marshal Office to provide Defendant with the unspecified expenses he would incur traveling from Las Vegas to and from the Yosemite Courthouse for his August 13, 2024 hearing. (Doc. No. 37 at 3). Whether to order payment for transportation for an indigent defendant is with a court's discretion. *U.S. v. Forest*, 597 F.Supp.2d 163, 165 (D. Me. Feb. 12, 2009) (citing 18 U.S.C. § 4285). "The statute places the onus on the defendant to demonstrate that [he] 'is financially unable to provide the necessary transportation.'" *Id*. (quoting 18 U.S.C. § 4285). This burden is a heavy burden. *Id*.; *U.S. v. Mouzon*, 2014 WL 1303708, at *2 (M.D. Pa. Mar. 31, 2014). And requires the court to conduct an "appropriate inquiry" into the defendant's financial condition. 18 U.S.C. § 4285; *Mouzon*, 2014 WL 1303708, at *2. "The fact that a defendant may be indigent for purposes of appointment of counsel…is a different standard." *Forest*, 597 F.Supp.2d at 165. Rather, the court "must find that the defendant is so destitute that [he] is financially unable to provide the necessary transportation to appear before the required court on his own." *Id*. (internal quotations omitted) (citing 42 U.S.C. § 4285).

With regards to the financial hardship, Defendant states he is "a couple of thousand dollars" in debt, which includes his "storage unit debt." (Doc. No. 37-1, ¶ 12). The "gig" would enable Defendant to "pay off" his debt. (*Id*., ¶ 13). Defendant further attests that his "finances are extremely limited and the cost of the travel is a hardship that will *likely* result in [him] accruing additional debt." (*Id*., ¶ 16) (emphasis added).

The Court finds Defendant's declarations fail to sustain his burden of demonstrating he is

so financially destitute that he is unable to provide the necessary transportation costs to appear at his continued review hearing on August 13, 2024.  *Forest*, 597 F.Supp.2d at 166.  Other than stating it is "significant," Defendant does not provide information as to the amount he will earn from the "gig" in Huntsville.  Further, Defendant has not provided any evidence of his current financial condition.  *See U.S. v. Vaughan III*, 2002 WL 1067456 (D. Kan. May 16, 2002).  Notably, Defendant's Financial Affidavit on file with the Court is dated February 28, 2017.  (Doc. No. 8).

As noted, *supra*, the burden to satisfy reimbursement of travel costs is higher than the burden to qualify for court appointed counsel.  For this Court to comply with its statutory obligation and be able to conduct an appropriate inquiry into Defendant's financial condition, Defendant must provide the Court with sufficient information sworn to under penalty of perjury.  Such financial information must be more comprehensive than the information provided on the financial form used for appointment of counsel.  At a minimum, Defendant should provide the more detailed type of information contained in the AO 239 (Long Form) Application.

Accordingly, it is **ORDERED**:

1. Defendant's motion (Doc. No. 37) is GRANTED in part and DENIED in part.
2. Defendant's motion is GRANTED to the extent that the Court CONTINUES Defendant's review hearing from July 9, 2024 to August 13, 2024 at 1:00 P.M.
3. Defendant's motion is DENIED to the extent he seeks funds for travel assistance.[1]

Dated:   July 8, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Fed. R. Crim. P. 43(b)(2), the court has authority to permit a defendant charged with a misdemeanor to appear by video for plea and sentencing.