UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHAUN MATTHEW REDDICK | Case No.  6:16-mj-00093-HBK<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR REMOTE APPEARANCE<br><br>(Doc. No.  39) |

Pending before the Court is Defendant's request to appear remotely for his plea and sentencing hearing on August 13, 2024 at 1:00 P.M.  (Doc. No. 39).  Defendant lives in Las Vegas, Nevada and cites, in addition to the distance, his limited financial means as reasons for his request for a remote appearance.  (*Id*. at 1).  Defendant confirms his understanding that if sentenced to a custodial sentence, he would be responsible for self-surrendering to the U.S. Marshall's office nearest him, or as otherwise ordered by the Court.  (*Id*. at 2).

Defendant was charged in a five-count complaint with violating 36 C.F.R. § 2.35(b)(2). (Doc. No. 1).  On February 2, 2018, Defendant pled guilty to two counts of the complaint, was sentenced to 12-months of unsupervised probation and a fine, and the Court withheld entry of judgment. (Doc. No. 27).  On February 25, 2019, the government filed an affidavit of alleged probation violation. (Doc. No. 30).  After Defendant failed to appear for his review hearing, the Court issued a bench warrant on March 20, 2019. (Doc. No. 34).  On May 15, 2024, the Court placed this matter back on the calendar at Defendant's request. (Doc. No. 35).

1  Hinging on the defendant's consent, video conferencing may be used to conduct
2  arraignments, please, trials and sentencing for misdemeanor offenses.  Fed. R. Crim. P. 43(b)(2).
3  The court has discretion to permit a party to appear by video teleconference.  *United States v.*
4  *Hiramanek*, 2017 WL 1349580, *2 (E.D. Cal. Apr. 6, 2017) (citing *United States v. Lange*, 963
5  F.2d 380, 380 (9th Cir. 1992) (unpublished)).   While the Ninth Circuit has not set forth specific
6  factors to consider, the Fourth and Fifth Circuits have established certain factors.  *Hiramanek*,
7  2017 WL 1349580 at *3; *see United States v. Benavides*, 596 F.2d 137, 139-40 (5th Cir. 1979);
8  *see also United States v. Gonzalez-Flores*, 701 F.3d 112, 119 (4th Cir. 2012) ("whether a
9  defendant must be present in order for the proceedings to be conducted efficiently and fairly.").
10 The following eight factors recognized by the Fifth Circuit have been considered when ruling on
11 similar motions: in connection with a trial:

> (1) the possibility and effect of postponing the trial, (2) the potential burden on the government, (3) the possible prejudice to other defendants, (4) the possible burden on jurors, (5) the jeopardy (if any) to government witnesses, (6) the possible effect on the court's calendar, (7) the length of the absence requested, and of course (8) the relative importance of the asserted reason for the particular absence.

16 *United States v. Hiramanek*, 2017 WL 1349580, *2 (E.D. Cal. Apr. 6, 2017) (quoting *United*
17 *States v. Meinster*, 481 F. Supp. 1112, 1116 (S.D. Fla. 1979)) (citing *Benavides*, 596 F.2d at 139-
18 40).
19  While the Court is sympathetic to the lengthy travel a defendant would have to undertake
20 to attend his court proceeding, distance alone does not justify good cause for a remote
21 appearance.  As a general rule, because the Court has resumed in-person court proceedings it is
22 not inclined to grant a remote appearance in most circumstances.  Nonetheless, given the distance
23 Defendant must travel, his limited financial circumstances, his request to place this matter back
24 on the Court's calendar, and his expressed willingness to resolve this matter, the Court will permit
25 Defendant to appear remotely for a plea and sentencing hearing on August 13, 2024.
26  The Court reminds Defendant of the following protocols:
27  - To participate via Zoom, you will need a device with a microphone and camera,
28  with internet access on the same device.  Adequate lighting and sound are required

for the Court to be able to see and hear you.

- You are encouraged to test Zoom before the hearing and should download the app at least one day before the hearing if using a phone or tablet.
- The Court will not provide technical support for Zoom participants or attendees. During the hearing, both your video and sound should be turned on (until you are told to mute yourself) and you should display your name on the video.
- Each participant will speak only when called on by the Judge or the Courtroom Deputy.
- Appropriate attire is mandatory for any appearance in Court.  Dress for your Zoom proceedings as if you were attending your court proceedings in the courtroom.
- **Use of a virtual background is prohibited**.
- You should be in a quiet indoor location and no other activities should be going on in your location.

Accordingly, it is **ORDERED**:

Defendant's request to appear remotely for his for his plea and sentencing hearing on **August 13, 2024 at 1:00 P.M.**  (Doc. No. 39) is GRANTED.

Dated:    July 30, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3